# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICK R. RIOS | CIVIL ACTION |
| VERSUS | NO: 19-7992 |
| WESTPORT LINEN SERVICES, LLC | SECTION: "KWR" |

## ORDER & REASONS

Before the Court is a **Motion for Reconsideration (R. Doc. 17)** filed by the Defendant, Westport Linen Services, LLC ("Westport") seeking the Court reconsider its Order and Reasons (R. Doc. 16) with sole regard to Plaintiff's § 1981 claims. Plaintiff Erick R. Rios ("Rios") opposes this motion. R. Doc. 18. This motion was heard on the briefs on October 23, 2019.

## I. Background

Plaintiff Rios filed his *pro se* employment discrimination complaint against Defendant Westport alleging, *inter alia*, that his employer, Westport, repeatedly denied him promotions to the positions of Maintenance Lead and Maintenance Chief because of his Hispanic/Latino origin. R. Doc. 1. Rios further alleged that Westport refused to consider him for promotion for the position of Maintenance Lead purportedly due to his several tardy violations despite others also arriving late. R. Doc. 1-5, p. 6. As a result of these denied promotions, Rios resigned from his employment with Westport, which he contended constitutes constructive discharge. R. Doc. 1-5, p. 7-8.

On September 30, 2019, the Court dismissed Plaintiff's Title VII claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 16, p. 14. The Court further ordered that Plaintiff's § 1981 claim remains and shall proceed forward as not the subject of Defendant's motion. *Id.*

On October 4, 2019, Defendant Westport filed its instant Motion for Reconsideration contending that Plaintiff's § 1981 claim was in fact the subject of Westport's Motion to Dismiss

and should be dismissed with prejudice for the same reasons this Court dismissed Plaintiff's Title VII claims. R. Doc. 17, p. 1. Furthermore, as Plaintiff's § 1981 claim is the sole remaining claim in the lawsuit, Westport seeks an order from this Court dismissing Plaintiff's First Amended Complaint in its entirety. *Id.*

Plaintiff, in opposition, concedes that his Title VII claims were properly dismissed for technical issues in the pleadings. R. Doc. 18. Nonetheless, Plaintiff contends that Defendant provides no legal arguments with regard to Plaintiff's § 1981 claims beyond conclusory desire that they be dismissed in the same matter as Plaintiff's Title VII claims. *Id.* Plaintiff ultimately contends that Defendant has provided no legal basis for dismissal of his § 1981 claims, and, as such, his § 1981 claims should survive. *Id.*

For reasons set forth below, the Court grants Defendant Westport's Motion for Reconsideration. Moreover, after thoughtful reconsideration, the Court dismisses Plaintiff Rios's First Amended Complaint in its entirety, to include Plaintiff's § 1981 claim based on hostile work environment.

**II.    Standard of Review**

*a. Reconsideration of Defendant's Motion to Dismiss*

Although the Fifth Circuit has noted that the Federal Rules of Civil Procedure ("Rules") do not recognize a motion for reconsideration, it has consistently recognized that such a motion may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls. Fed. R. Civ. P. 54(b). *See also Helena Labs. Corp. v. Alpha Sci. Corp.,* 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007), *aff'd*, 274

F. App'x 900 (Fed. Cir. 2008) (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought, and no final judgment had yet been entered in the case). The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Pro. 54(b)

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion. *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also, Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g., Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. Civ. A. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, No. Civ. A. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. "Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which

3

the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law." *Marine Power Holding, LLC v. Malibu Boat, LLC*, No. Civ. A. 14-0912, 2016 WL 1598254, at *2 (Roby, K.) (E.D. La. Apr. 21, 2016).

### b. Rule 12(b)(6) Dismissal

Under Rule 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The United States Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted). The Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*.

### III. <u>Analysis</u>

#### a. *Reconsideration of Defendant's Motion to Dismiss*

Defendant Westport contends that Plaintiff's § 1981 claims were addressed in its Motion to Dismiss, and, as such, the Court erred in not considering those claims indicating those claims were not the subject of the Motion to Dismiss. *See* R. Doc. 17-1, p. 2. Westport further argues in its motion to dismiss it requested "**all claims** asserted against Defendant should be dismiss." R. Doc. 17-1, p. 4 (emphasis in original); *see also* R. Doc. 14-1, p. 1.

Defendant also contends that it is well established that the Court applies the same framework and legal analysis to claims of race/national origin discrimination, harassment, and retaliation asserted under § 1981 as they do those same claims being asserted under Title VII. R. Doc. 17-1, p. 5. As such, Defendants maintains to make a separate legal argument for each would have been needlessly redundant. *Id.* (citing *Aguirre v. Valerus Field Sols., L.P.*, No. CV H-15-3722, 2019 WL 2570069 (S.D. Tex. Jan. 23, 2019) and *Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 992 (5th Cir. 2005)).

5

Plaintiff's First Amended Complaint generally alleges raced based discrimination, disparate treatment, and harassment in violation of 42 U.S.C. § 1981. R. Doc. 13, p. 2. Nonetheless, Plaintiff's § 1981 claim only specifically alleges that Defendant Westport created a hostile work environment. R. Doc. 13, p. 13. In Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6), it contends that Plaintiff fails to state a hostile work environment claim under § 1981. R. Doc. 14-1, p. 10-11. Specifically, Defendant contends, Plaintiff failed to allege facts showing that he was harassed on account of his race, that he was subjected to racial slurs or threats of harm, or that he was subjected to any racially offensive drawings or actions. R. Doc. 14-1, p. 11. Defendant ultimately suggests that Plaintiff's allegations that he was passed over for a promotion cannot support a claim of hostile work environment. *Id.*

Defendant Westport's Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) (R. Doc. 14-1) clearly asserted that Plaintiff Rios failed to state a hostile work environment claim under § 1981. *See* R. Doc. 14-1, p. 10-11. As such, based on the documents and positions clearly stated in the record, the Court is of the opinion that its failure to consider arguments was in error. *See Waltman*, 875 F.2d at 473. As such, the Court will grant Defendant's motion for reconsideration, and, accordingly, will consider the dismissal of Plaintiff's § 1981 now.

b. *Plaintiff's § 1981 Claims for Hostile Work Environment*

Plaintiff, in his first amended complaint, states Defendant Westport created a racially hostile work environment in violation of § 1981 setting forth the following in support: (1) he is a Hispanic/Latino Male; (2) Defendant Westport implemented a selective job promotion scheme which improperly subjected Plaintiff, as a person of color, to disciplinary standard that was not imposed on its white/Caucasian employees; (3) Defendant created a hostile work environment by

6

requiring Plaintiff to perform job duties not in Plaintiff's original job agreement and adhere to work standards his white counterparts did not; (4) Defendant's disciplinary and job standards were a condition of his employment that he was required to endure; and (5) a reasonable person in Plaintiff's position would consider the comments and actions of Defendant intimidating hostile, and abusive. R. Doc. 13, p. 13-14.

Defendant Westport, in opposition, contends that Plaintiff alleges that he was passed over for promotion and, in a conclusory fashion, asserts this failure to promote was based upon his race. R. Doc. 14-1, p. 11. Defendant also contends that Rios has not alleged facts showing he was harassed on account of his race or that he was subject to racial slurs, threats of harm, or subjected to racially offensive drawings or actions. *Id.*

In considering a claim for hostile work environment under § 1981, the same standard applies as would under a Title VII analysis. *See, e.g., Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 283 fn. 1 (5th Cir. 2015) ("[D]iscrimination claims brought under Section 1981 . . . are evaluated under the same analytical framework as Title VII claims.") and *Williams v. E.I. du Pont de Nemours & Co.*, 154 F. Supp. 3d 407, 423 (M.D. La. 2015).

"To establish a hostile work environment claim, [Rios] must demonstrate that: (1) []he is member of a protected group; (2) []he was the victim of uninvited [racial] harassment; (3) the harassment was based on [race]; (4) the harassment affected a "term, condition, or privilege" of [Rios's] employment; and (5) [his] employer knew or should have known of the harassment and failed to take prompt remedial action." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (citing *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)).

Rios bases his hostile work environment claims on Westport's alleged selective job promotion scheme and disciplinary standards. R. Doc. 13, p. 13-14. Yet, as the Court previously

explained, "while [Rios] claims in the First Amended Complaint that he worked in a hostile environment due to a selectively racial disciplinary scheme because he is Hispanic, he does not explain further the contours of the alleged scheme other than to say that he observed other persons of minority descent receive tardy violations." R. Doc. 13, p. 14. Rios also alleges in his First Amended Complaint, as proof of the selective job promotion scheme and discriminatory disciplinary standard, that his Caucasian supervisor, Jeremy Frye, was not subject to the company's tardy policy. *Id.*

"In order to establish his hostile work environment claim, [Rios] must prove that his environment at [Westport] was permeated with discriminatory intimidation, ridicule, and insult so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment." *Jackson*, 601 F. App'x at 287 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, (1993)). Moreover, "[w]orkplace conduct is not measured in isolation; instead, we look to: (1) the frequency of the discriminatory conduct; (2) the severity; (3) whether it is physically threatening or humiliating as opposed to mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether the workplace undermines the plaintiff's workplace competence." *Jackson*, 601 F. App'x at 287 (citing *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325–26 (5th Cir. 2004)).

The Court as an initial matter notes that Rios has made no mention of Westport making any offensive comments, or that any perceived harassment is severe and pervasive. *Jackson*, 601 F. App'x at 287. The Court next notes, beyond conclusory allegations Westport's treatment resulted in his alleged constructive discharge, Rios likewise does not allege that any offensive utterance unreasonably interfered with his work performance or competence. *Id.*

Still, it appears based on the facts alleged that Plaintiff Rios confuses the claim of hostile work environment with a claim of disparate treatment or impact. The Fifth Circuit has held Plaintiffs are required, to prove a cause of action under § 1981 based on a violation of equal protection, "to demonstrate intentional discrimination; mere disparate impact will not suffice." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 714–15 (5th Cir. 1994) (citing *Washington v. Davis*, 426 U.S. 229, 238–40 (1976)); *see also Gray v. Entergy Operation, Inc.*, 240 F.3d 1074, at *4 (5th Cir. 2000) ("While disparate impact claims. . . do not require proof of intent to discriminate, § 1981 claims necessarily entail proof of intentional discrimination." (internal citations omitted)).

Similar to the *pro se* Plaintiff in *Gray*, Rios attempts to support his hostile work environment claim by arguing "segregated job classifications are furthered by the use of subjective and arbitrary criteria in employment decisions." *See* R. Doc. 13, p. 13 (arguing Westport required Plaintiff to perform job duties not in Plaintiff's original job agreement and adhere to work standards his white counterparts did not."). Not only does Rios not provide the Court any statistical evidence to support his claim that Westport concentrates Hispanics/Latinos in the minimally skilled jobs, Rios has not presented any evidence linking any disparity with racial animus (which adversely affected his employment), and, thus, fails to allege facts sufficient to support a claim of disparate treatment under § 1981. *Gray*, 240 F.3d 1074, at *5.

Most importantly, the Court notes that Rios alleges he only ever inquired into his potentially applying for job promotions; he does not allege that he actually applied for any promotions. The Court, accordingly, finds that Plaintiff's Rios's allegations that "Westport's application of [its selective job promotion scheme and] disciplinary polices amount[] to intolerable working conditions" fail to state a claim upon which relief can be granted. R. Doc. 16, p. 14;

9

*Jackson*, 601 F. App'x at 287. As a result, the Court finds that Defendant Westport's motion to dismiss Rios's § 1981 claims of hostile work environment must be granted.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Reconsideration (R. Doc. 17)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to 12(b)(6) (R. Doc. 14) is **GRANTED** to the extent that all of Plaintiff Erick R. Rios's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 4th day of December 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**